Fla. 546; R. R. Commissioners vs. P. & A. Ry., 24 Fla. 417; Anderson vs. Northrop, 30 Fla. 612; State vs. Black River Phosphate Co., 32 Fla. 82; State ex rel. vs. Bryan, 50 Fla. 293; State ex rel. vs. Butler, 70 Fla. 102.

"His distinguished achievements will ever be an encouraging hope to those who earnestly desire to rescue themselves from the ordinary circumstances of life.

"While honoring the memory of Charles M. Cooper, let us sincerely strive to emulate his example, that we may the better perform the part assigned to us.

"Appropriate orders will be made for incorporating the proceedings of the bar among the records and files of the court.

"As a further mark of respect, the court will now adjourn for the day."

---

ROBERT B. RUSSELL, *Appellant,* v. LIZZIE A. RUSSELL, *Appellee.*

Opinion Filed June 12, 1923.

The statute provides that "suits shall be begun only in the county * where the defendant resides, or where the cause of action accrued, or where the property in litigation is;" and even if a wife may because of necessity or otherwise acquire a domicile separate from her husband in another county and there sue for divorce, no such case is made here where the wife moves to another county and sues for divorce, the husband remaining a resident of the county from which the wife removed.

An Appeal from the Circuit Court for Alachua County; Daniel A. Simmons, Judge.

Reversed.

*Wm. H. Malone,* for Appellant;

*T. B. Ellis, Jr.* and *C. R. Layton,* for Appellee.

WHITFIELD, J.—A suit for divorce was instituted in Alachua County by a wife who alleged that she was married in Monroe County, Florida, in 1902, and lived there with her husband "until a short time before the filing of this suit." The bill alleges as grounds for divorce extreme cruelty and kindred matters that occurred in Monroe County, and divorce and the custody of two minor children are prayed for.

The defendant husband filed the following plea: "And now comes the defendant, Robert B. Russell, by his solicitor William H. Malone, and for a plea of privilege to the bill of complaint filed herein says: While not confessing or acknowledging all or any part of the matters or things in the said bill of complaint to be true in manner and form as the same are therein set forth and alleged, but does plead thereto and for a plea says, that the said Robert B. Russell, defandant, is a resident of Monroe County, in the State of Florida, that he has never been a resident of Alachua county, in the State of Florida, that the process of this Court in this cause was served upon the defendant in Monroe County, and by the Sheriff of Monroe County, Florida; that the complainant, Lizzie A. Russell, has never been a resident of Alachua County, Florida, and that she has just recently, within the past thirty days, taken up her abode in Alachua County; that this defendant not admitting, nor confessing any of the allegations in said bill, says that the alleged cause of action did not accrue in Alachua County; and if any cause of action exists the same accrued in Monroe County, Florida; that this defendant for a plea to the said bill of complaint claims the privi-

lege granted to him by the statutes in such cases made and provided, to have the said cause of action tried in Monroe County, Florida, where he resides. Wherefore, defendant prays that said bill of complaint be dismissed.''

On this plea the Court made the following order: ''This cause came on to be heard upon the plea of the defendant, filed herein June 5, 1922, by the defendant, which plea was set down for argument, and after due notice from the complainant's solicitors to solicitor for the defendant, the same having been argued by solicitors for both parties, upon consideration thereof, it is ordered, adjudged and decreed by the Court that the said plea is insufficient. The defendant is allowed until July Rule Day, 1922, within which time to file answer.''

A decree *pro confesso* was rendered by the Chancellor for ''failure of the defendant to file answer as required by order of the Court.''

Testimony was taken for complainant and a decree of divorce was rendered, the custody of the children being awarded to complainant.

On appeal it is contended that the plea of privilege was erroneously overruled which should cause a reversal of the decree.

Section 2579, Revised General Statutes, 1920, provides: ''Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is.

''If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against non-residents.''

When a plea is set down for argument by the complain-ant he or she admits the facts duly averred and challenges their sufficiency in point of law to sustain the defendant's contention.

Even if a wife may because of necessity or otherwise acquire a domicile separate from her husband in another county and there sue for divorce, the bill in this case makes no such showing.

The statute requires suits to be brought in the County where the defendant resides or where the cause of action accrued.    This was not done and the defendant duly claimed his privilege of being sued in the County where he resides.    The plea should have been sustained.

Reversed.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.